SNEED, J.,
delivered the opinion of the Court.
The State appeals in error from a judgment of the Circuit Court of Wilson county, quashing a presentment for drunkenness. The presentment is in form as follows: “The grand jurors for the State of Tennessee, good and lawful men, duly elected, impaneled, sworn and charged to enquire for the body of the county of Wilson aforesaid, upon their oath aforesaid, present that Figures Smith, on the 23d day of January, in the year of our Lord eighteen hundred and seventy-one, in the county of Wilson aforesaid, was unlawfully, willfully and infamously drunk in a public place, to-wit: in the town of Lebanon, in said county of Wilson, on the said 23d day of January, in the year of our Lord eighteen hundred and seventy-one, and on divers other times and places, to the evil example of divers good citizens then and there assembled, and against the peace and dignity of the State.”
Prior to the act of 1842, c. 94, it had been uniformly held by this court, that a single act of public drunkenness from the use of intoxicating liquors, was an indictable offense at common law. Thus it was said by a learned Judge: “It is laid down in Blackstone, that sobriety in public is a duty .that every man owes to the *467 community. It is, therefore, an offense to good morals for a man to be publicly drunk, and for this offense he may be indicted”: Smith v. The State, 1 Hum., 399. And the reasons of the law are thus strongly stated by Judge "Whyte in an early case: “The pernicious influence of an evil example is plain to every reflecting mind; and the powerful influence of this vice upon society, not only in its effect upon the relations of private life, but also as being the origin, the fomenter and the promoter of the greater portion of the public crime of the country, proves it to be what it is, an indictable offense:” Tipton v. State, 2 Yerg., 543. But this doctrine of the common law was abrogated by the act of 1842, c. 94, and by the explanatory act of 1844, c. 98, by which indictments or presentments for single acts of drunkenness are forbidden, unless the party when so drunk shall commit some other offense against the law. It will be observed, that these acts are not carried into the Code; and all public and general laws passed prior to the Code are, by it, expressly repealed: Code, § 41. The principle of the common law, therefore, which made a single act of public drunkenness- indictable, is revived and is in full force in this State: No subsequent act has revived the acts referred to; but the Legislature, at the session next succeeding the adoption of the Code, enacted, that it shall not be imperative upon grand jurors to make presentments for a single act of drunkenness: Act 1859-60, c. 10. This leaves it discretionary with that body to make such presentments whenever, in its judgment, the good of society demands it. We hold the presentment in this case to be a good one.
Reverse the judgment, and remand the case for a trial.